IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LAVARN WHITE, *et al.*                                         PLAINTIFFS

v.                                    CIVIL ACTION NO. 2:22-CV-18-KS-MTP

RUBIN LUBLIN, *et al.*                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Plaintiffs' Motion to Remand [17], **grants** Defendant Shellpoint's Motion to Dismiss [2], **grants** Defendant Select Portfolio Servicing's Motion to Dismiss [10], **grants** Defendant Rubin Lublin's Motion to Dismiss [12], and **denies** Plaintiffs' Motions to Dismiss [25] [26].

### I. BACKGROUND

On December 17, 2021, Plaintiffs initiated this lawsuit by filing an "Affidavit" in the County Court of Jones County, Mississippi, seeking to block the foreclosure sale of real property located at 35 Cypress Lane, Taylorsville, Mississippi. Exhibit B to Notice of Removal [1-2], at 4-5. Plaintiffs alleged that Defendants were demanding payment of a loan that had been fully paid, and they alleged violations of the United States Constitution, the "Fair Credit Act," and "harass [sic] of disabled persons." *Id.* at 4. On December 27, 2021, Plaintiffs filed the same Affidavit, *id.* at 7, along with what appears to be a form brief they intended to be a motion for preliminary injunction. *Id.* at 9-17. Therein, Plaintiff demanded a temporary restraining order and preliminary injunction enjoining the foreclosure sale of the subject property. The

parties have filed several motions, which the Court now addresses.

## II. MOTION TO TRANSFER CASE TO STATE JURISDICTION [17]

First, Plaintiffs filed a Motion to Transfer [17] this case back to state court, which the Court will construe as a motion to remand. However, Plaintiffs did not present any argument that this Court does not have jurisdiction over the case, or that Defendants' removal of the case was procedurally defective. Likewise, Plaintiffs cited no substantive or procedural law in support of the motion. Rather, they simply listed several reasons the Court should remand the case to state court, each of which is irrelevant to the issue.

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction of any case where it has original jurisdiction. 28 U.S.C. § 1441(a). It has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as "all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal

should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

## A.    Timeliness

First, Defendants argue that Plaintiffs' motion to remand is untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Plaintiffs have not challenged the Court's subject matter jurisdiction. As noted above, the basis of the motion to remand is unclear. Regardless, as Plaintiffs have not argued the Court lacks subject-matter jurisdiction, the motion had to be filed within thirty days of the notice of removal. Defendants removed the case on February 15, 2022, and Plaintiffs did not file a motion to remand until April 19, 2022 – over thirty days later. Therefore, they have waived any objection to procedural defects in the removal. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

## B.    Federal Question Jurisdiction

Plaintiffs did not argue that this Court lacks subject-matter jurisdiction. However, "[s]ubject-matter jurisdiction can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and the Court "must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

Among other things, Defendants contend that the Court has federal question

3

jurisdiction. "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

Plaintiffs alleged that Defendants violated the United States Constitution, Exhibit B [1-2], at 14, 16, plainly asserting a federal cause of action. Additionally, Plaintiffs alleged that Defendants violated the "Fair Credit Act." *Id.* at 4. In their reply brief in support of the motion to remand, they clarified this claim, alleging that Defendants "reported information sent to credit bureaus," thus damaging Plaintiffs' credit rating. Reply [24], at 1. This Court previously held that a plaintiff asserting claims under the "Fair Faith and Credit Act" who alleged that a creditor had misreported information to credit bureaus had misstated the name of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and, therefore, asserted a federal claim. *Washington v. Direct Gen. Ins. Agency*, 130 F. Supp. 820, 824 (S.D. Miss. 2000). For these reasons, the Court concludes that it has jurisdiction of this case, pursuant to 28 U.S.C. § 1331.

For these reasons, the Court **denies** Plaintiffs' Motion to Transfer [17] this case back to state court.

### III. MOTION TO DISMISS (SHELLPOINT) [2]

Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint")

4

filed a Motion to Dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(6). Shellpoint argues that Plaintiffs failed to allege the elements of any legally cognizable cause of action. Shellpoint also argues that Plaintiffs failed to allege any facts pertaining to it.

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

First, the Court notes that Plaintiffs submitted various documents in response to Shellpoint's motion to dismiss. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore*

*Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

The following document attached to Plaintiffs' response appears to be a public record, and the Court will consider it: an Abstract of Judgment, Exhibit A to Response [5-1], at 5. The remaining documents attached to the response appear to be matters outside the pleadings, which the Court may not consider without converting the motion to dismiss to one for summary judgment. The Court declines to consider those exhibits, in accordance with its typical practice. *See, e.g. Blackmon v. Adams County*, 2022 WL 1434652, at *2 (S.D. Miss. May 5, 2022); *D.M. v. Forrest County Sheriff's Dep't*, 2020 WL 4873486, at *2 (S.D. Miss. Aug. 19, 2020).

Additionally, Plaintiff filed two sur-rebuttals [8] [9] without first seeking leave from the Court. Therefore, the Court declines to consider them. *Edmonds v. City of Hattiesburg*, 2012 WL 5930610, at *2 (S.D. Miss. Nov. 27, 2012); *Nelson v. Miss.*, 2011

WL 5036001, at *1 (S.D. Miss. Oct. 21, 2011).

Plaintiff commenced this lawsuit by filing an Affidavit in the County Court of Jones County, Mississippi, on December 17, 2021. Exhibit B [1-2], at 4-5. The Mississippi Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." MISS. R. CIV. P. 3(a). The County Court of Jones County, Mississippi, opened a case on its docket upon the filing of the Affidavit. *See* Exhibit B [1-2], at 1-2. Therefore, the Court will construe the Affidavit as Plaintiffs' Complaint.

Although Plaintiffs named Shellpoint as a Defendant, they did not allege that it did anything wrong. Indeed, Plaintiffs alleged no facts whatsoever as to Shellpoint. Therefore, the Court concludes that Plaintiffs have not pleaded any plausible claims against Shellpoint, and the Court **grants** its Motion to Dismiss [2]. Any claims asserted by Plaintiffs in this case against Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing are hereby **dismissed with prejudice**.

### IV. MOTION TO DISMISS (SPS) [10]

Defendant Select Portfolio Servicing ("SPS") filed a Motion to Dismiss [10] Plaintiffs' claims against it pursuant to Rule 12(b)(6). SPS argues that Plaintiffs neither asserted a legally cognizable claim against it, nor made any factual allegations concerning it.

Although Plaintiffs named SPS as a Defendant, they did not allege that it did anything wrong. Indeed, Plaintiffs alleged no facts whatsoever as to SPS. Therefore,

the Court concludes that Plaintiffs have not pleaded any plausible claims against SPS, and the Court **grants** its Motion to Dismiss [10]. Any claims asserted by Plaintiffs in this case against Defendant Select Portfolio Servicing, Inc. are hereby **dismissed with prejudice**.

### V. MOTION TO DISMISS (LUBLIN) [12]

Defendant Rubin Lublin, LLC filed a Motion to Dismiss [12] Plaintiffs' claims against it pursuant to Rule 12(b)(6). Rubin Lublin argues that Plaintiffs did not state any legally cognizable claims against it, and that this case is moot because there is no underlying foreclosure action.

Plaintiffs alleged that Rubin Lublin sent them a letter providing notice of the mortgagee's intent to foreclose on the subject property. Exhibit B [1-2], at 4. According to their handwritten headings on the Affidavit, they intended this to be a claim of defamation. *Id.* The elements of a defamation claim are: "(1) a false and defamatory statement concerning plaintiff; (2) unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication." *Armistead v. Minor*, 815 So. 2d 1189, 1193 (Miss. 2002). Plaintiffs have not alleged that Rubin Lublin's letter was sent to any third party. Therefore, they have not stated a claim of defamation.

Plaintiffs also alleged that Rubin Lublin "continue [sic] to commit unfair credit practices, by threating [sic] to foreclose and sale [sic] someone else [sic] property,

8

breach of deed contract, . . . [and] [t]hey continue to demand payment on a paid-off [sic]." *Id.* According to Plaintiffs' handwritten headings, this was intended to allege a "violation of Fair Credit Act." *Id.* The Court assumes that Plaintiffs intended for this to be a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

Very liberally construing Plaintiffs' pleading, the Court will assume that they intended to plead that Rubin Lublin violated the FCRA by reporting false credit information. Assuming this to be true, Plaintiffs "cannot satisfy the demands of Article III by alleging a bare procedure violation" of the FCRA. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016). That is, "a bare allegation of a Fair Credit Reporting Act violation based on inaccurate reporting of consumer information [is] insufficient to establish injury-in-fact," and, therefore, standing to sue. *Lee v. Verizon Comm'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016). Plaintiffs have not alleged any specific facts demonstrating that the alleged violations of the FCRA caused them to suffer an injury. Therefore, the Court finds that they have no standing to sue under the FCRA.

Plaintiffs also alleged "harass [sic] of disabled persons." *Id.* Given Plaintiffs' apparent claim under the FCRA, the Court will assume that they intended to allege further violations of the FCRA by allegedly harassing collection methods. However, as noted above, they have not alleged any specific facts demonstrating an injury-in-fact, and, therefore, they have no standing to sue under the FCRA.

Finally, to the extent Plaintiffs intended to assert a claim of breach of contract,

the Court finds that they did not allege sufficient facts to support it. To state a claim for breach of contract, Plaintiff must allege "(1) the existence of a valid and binding contract and (2) that Defendant has broken or breached it." *Rogers v. Nationstar Mortgage LLC*, 2017 WL 11609613, at *3 (S.D. Miss. Mar. 7, 2017). Here, Plaintiffs did not allege any specific facts concerning the existence of a contract or the specific terms which Rubin Lublin allegedly breached. Therefore, they did not sufficiently plead a breach of contract. *Id.*; *Gulfstream Prop. & Cas. Ins. Co. v. Alarm.com, Inc.*, 2022 WL 1541290, at *2 (S.D. Miss. May 16, 2022).

For these reasons, the Court **grants** Rubin Lublin, LLC's Motion to Dismiss [12], and any claims asserted by Plaintiffs in this case against Defendant Rubin Lublin, LLC are hereby **dismissed with prejudice**.

## VI. MISCELLANEOUS MOTIONS [25] [26]

Plaintiffs filed a Motion to Dismiss [25] this case "after Plaintiff [sic] relief is granted," and a Motion to Dismiss [26] the case and send payment to Plaintiff. The Court **denies** the motions, as Plaintiffs essentially seek an award of damages without first securing a judgment in their favor.

However, the Court notes that Plaintiffs may seek voluntary dismissal of this case at any time, pursuant to Rule 41(a)(1). If Plaintiff desire for this case to be dismissed without prejudice, they may file a notice to that effect.

## VII. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion to Remand [17], **grants**

Defendant Shellpoint's Motion to Dismiss [2], **grants** Defendant Select Portfolio Servicing's Motion to Dismiss [10], **grants** Defendant Rubin Lublin's Motion to Dismiss [12], and **denies** Plaintiffs' Motions to Dismiss [25] [26].

SO ORDERED AND ADJUDGED this 17th day of June, 2022.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

11