IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LAVARN WHITE and**
**EARVIN WHITE**                                                                                                  **PLAINTIFFS**

**v.**                                                                       **CIVIL ACTION NO.: 2:22-cv-18-KS-MTP**

**JIM WALTER HOMES, DITECH,**
**AFFILIATED DEBTORS,**
**AMERICIA TRUST LLC, NRZ TRUST VII, and**
**U.S. NATIONAL BANK**                                                                                         **DEFENDANTS**

## ORDER

THIS MATTER is before the Court *sua sponte* for case management purposes. On December 27, 2021, Plaintiffs filed their Complaint in the County Court of Jones County, Mississippi. On February 15, 2022, Defendant Shellpoint removed the matter to this Court. *See* Notice of Removal [1].

On February 21, 2022, Defendant Shellpoint filed its Motion to Dismiss for Failure to State a Claim [2]. On April 1, 2022, Defendant Select Portfolio Servicing, Inc. filed its Motion to Dismiss [10], and Defendant Rubin Lublin filed its Motion to Dismiss [12]. On June 17, 2022, District Judge Keith Starrett entered a Memorandum Opinion and Order [35] granting Defendants Shellpoint, Select Portfolio Servicing, and Rubin Lublin's motions to dismiss. The remaining Defendants Jim Walter Homes, Ditech, Affiliated Debtors, America Trust LLC, NRZ Trust VII, and U.S. National Bank have not appeared in this matter, and the docket does not appear to reflect that these Defendants have been served. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by the United States marshal or deputy marshal, proof must be by the server's affidavit.").

On June 28, 2022, the Court directed Plaintiffs to serve Defendants Jim Walter Homes, Ditech, Affiliated Debtors, America Trust LLC, NRZ Trust VII, and U.S. National Bank with the summons and complaint and file the proof of service of the summons and complaint by the server's affidavit pursuant to Fed. R. Civ. P. 4 by July 19, 2022. *See* Order [36]. The Court warned Plaintiffs that failure to serve process in a timely manner pursuant to Fed. R. Civ. P. 4(m) may result in this matter being dismissed without prejudice. Plaintiffs did not file a response or serve process on the remaining Defendants.

On August 5, 2022, the Court directed Plaintiffs to show cause why this matter should not be dismissed for failure to comply with the Court's Order [36] and failure to serve process on the remaining defendants. *See* Order to Show Cause [37]. The Court warned Plaintiff that failure to serve process on or before August 22, 2022, may result in dismissal of the remaining Defendants.

On August 15, 2022, Plaintiff Lavarn White filed her Response [38] and attached six certified mail receipts she claims are proof that she served process on the remaining Defendants. However, Plaintiff's attempted service is insufficient.

Under the Federal Rules of Civil Procedure, absent federal law providing otherwise, a plaintiff may serve a business entity by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or (2) "delivering a copy of each [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4 (e)(2)(C).

Since this matter was filed in Mississippi, its laws for serving process may be followed. Mississippi law permits a plaintiff to serve a business entity through mail "by mailing a copy of

the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement, conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender." Miss. R. Civ. P. 4(c)(3)(A). However, the receiving party must acknowledge receipt within 20 days, or the serving party must utilize another method of service. *See* Miss. R. Civ. P. (c)(3)(B). Absent waiver, proof of service must be filed with the Court by a server's affidavit. *See* Fed. R. Civ. P. 4(l). Plaintiffs' attempted service does not comply with these requirements, and Plaintiffs have not filed a server's affidavit+.

Plaintiffs shall be provided a final opportunity to serve process on Defendants Jim Walter Homes, Ditech, Affiliated Debtors, America Trust LLC, NRZ Trust VII, and U.S. National Bank, in compliance with this Court's rules. Failure to properly serve the remaining Defendants with the summons and complaint in a manner that is compliant with the Federal Rules of Civil Procedure will result in dismissal of the unserved Defendants from this matter without prejudice and may result in this case being dismissed.

IT IS, THEREFORE, ORDERED that:

1. On or before October 1, 2022, Plaintiffs shall properly serve Defendants Jim Walter Homes, Ditech, Affiliated Debtors, America Trust LLC, NRZ Trust VII, and U.S. National Bank with the summons and complaint and file the proof of service of the summons and complaint by the server's affidavit pursuant to Fed. R. Civ. P. 4.

2. Plaintiffs' failure to properly serve the Defendants and file the proof of service by October 1, 2022, may result in the dismissal of all unserved Defendants without prejudice and without further notice.

SO ORDERED this the 9th day of September, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE